# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-881V

|  |  |
|---|---|
| ANNA THOMPSON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2026 |

*Matthew B. Vianello, Jacobson Press P.C., Clayton, MO, for Petitioner.*

*Rochelle Ilana Gillenson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 12, 2023, Anna Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on October 26, 2021. Petition at 1. On July 26, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 31.  On October 28, 2025,  I issued a decision awarding damages to Petitioner following briefing and expedited Motions Day argument by the parties. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs.[3] Petitioner's Application for Fees and Costs filed November 17, 2025, ECF No. 49. Furthermore, Petitioner filed a signed statement representing that no personal out of pocket expenses were incurred. ECF No. 48.

Respondent reacted to the motion on December 1, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent identifies discrepancies in the amounts requested for attorney fees and costs. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50. Petitioner indicated thereafter that she does not intend to file a substantive reply. ECF No. 51.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of

---

[3] It is unclear precisely how much petitioner is requesting for her attorneys' fees and costs. Petitioner indicates that she is requesting $32,822.37 for attorneys' fees and costs on the first and third pages of her Motion. ECF No. 49 at 1, 3. However, she also states on the first page of her Motion that she is requesting a different amount, an award of $32,849.83. Id. at 1 (¶ 6). Additionally, petitioner states that her request for $32,849.83 is comprised of $10,430.25 in attorneys' fees and $870.70 in costs, but the sum of these amounts is only $11,300.95. Id. A review of the billing records reflects the actual amount of attorney's fees incurred in this case is $31,112.75. The actual amount of costs based on the receipts and documentation submitted is $1600.95. Accordingly, the amount to be awarded herein will be based on the actual amounts reflected in the billing record, receipts, and documentation submitted in support thereto which is $31,112.75 is attorney fees and $1600.95 in costs.

petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing on damages to be excessive. *See* Motion for Vaccine Injury Compensation, filed Oct. 17, 2024, ECF No. 36; Petitioner's Reply to Respondent's Response to Motion for Compensation, filed Dec. 23, 2024, ECF No. 39. Petitioner's counsel expended approximately 19.7 hours drafting the damages brief and 11.9 hours drafting the reply, totaling 31.6[4] hours. ECF No. 49-1 at 3-5.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 49-1 at 5 and 6. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 9 (entries dated 5/26/2023 and 6/2/2023).

It is unreasonable for counsel to spend so much time briefing the matter of damages in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task

---

[4] This total is calculated as follows: 31.6 hours billed on 9/9/2024, 9/17/2024, 10/1/2024, 10/2/2024, 1010/2024, 10/11/2024, 10/14/2024, 10/16/2024, 12/16/2024, 12/19/2024 (two entries), 12/20/2024 by attorney Matthew Vianello at a rate of $435.00.  ECF No. 49-1 at 3-5.

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

more efficiently.[6]

Of course, having prevailed in this case, a fees award is generally appropriate (ECF No. 42). But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (a total of 31.6 hours, or $13,746.00) by *ten* percent.[7] Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without

---

[6] *See, e.g, Wilcox v. Sec'y of Health & Hum. Servs.,* No. 21-1421V (Nov. 24, 2025) (12.0 and 7.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *McClelland v. Sec'y of Health & Hum. Servs.,* No. 24-0605V (June 24, 2025) (9.7 and 5.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Goatee v. Sec'y of Health & Hum. Servs.,* No. 22-0827V (June 18, 2025) (7.6 and 3.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Blanco v. Sec'y of Health & Hum. Servs.,* No. 22-0559V (June 16, 2025) (8.5 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cohen v. Sec'y of Health & Hum. Servs.,* No. 23-1060V (June 11, 2025) (4.2 and 8.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Wirges v. Sec'y of Health & Hum. Servs.,* No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of Health & Hum. Servs.,* No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health & Hum. Servs.,* No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.,* No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.,* No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stokes v. Sec'y of Health & Hum. Servs.,* No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.,* No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.,* No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.,* No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.,* No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Kestner v. Sec'y of Health & Hum. Servs.,* No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.,* No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Edminister v. Sec'y of Health & Hum. Servs.,* No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Thomson v. Sec'y of Health & Hum. Servs.,* No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.,* No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc.

[7] Because the amount of excessive hours was not as egregious as in other cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See, e.g., Havis v. Sec'y of Health & Hum. Servs.,* No. 21-0583V, 2025 WL 2538903 (Fed. Cl. Spec. Mstr. July 31, 2025) (applying a 30 percent reduction).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017);

requiring me to act as a "green eye-shade accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,374.60.**[9]

## ATTORNEY COSTS

Additionally, Petitioner requests $1,709.62 in overall costs. ECF No. 49 at 2 (¶ 13). Such costs reflect the expenses of obtaining medical records, travel, and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated some of the requested costs with the required documentation, such as an invoice or proof of payment. ECF No. 49-4 at 1-21.  Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 72-74 (emphasis added).[10]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. See, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will allow reimbursement for the Court's filing fee of $402.00 and all other expenses that are clearly substantiated, but I disallow reimbursement for all other unsubstantiated costs herein. **This results in a reduction of $108.67.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$31,339.10 (representing $29,738.15 for fees and $1,600.95 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

---

*Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[9] This amount is calculated as follows: (31.6 x $435.00 x .10) = $1,374.60.

[10] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

renouncing their right to seek review.